## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANESSA LOWERY BROWN<br>8022 Rugby St.<br>Philadelphia, PA 19150,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA (Register of Wills)<br>1515 Arch St.<br>Philadelphia, PA 19102;<br><br>and<br><br>JOHN P. SABATINA, *Register of Wills*<br>City Hall, Room 130<br>Philadelphia, PA 19102,<br><br>Defendants. | C.A. No.:   2:25-cv-06021<br><br>***TRIAL BY JURY DEMANDED*** |

## COMPLAINT

Plaintiff, Vanessa Lowery Brown, by and through her undersigned attorneys, files the within Complaint WITH DEMAND FOR TRIAL BY JURY and aver as follows:

### I. INTRODUCTION

1. This is a civil action for violations of the First and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983, arising from the politically motivated termination of Plaintiff, Vanessa Lowery Brown, from her position as Community Outreach Coordinator at the Office of the Register of Wills. Plaintiff was terminated in January 2024, immediately after Defendant John P. Sabatina assumed office.

2. Defendants targeted Plaintiff for termination as documented in a "hit list" created by Defendant Sabatina and/or his senior staff. *Exhibit A*, (the "Hit List"). The Hit List identified employees aligned with the prior Register of Wills, Tracey Gordon to terminate so that Sabatina could replace them with people aligned with his politics.

3.      The entry on the Hit List for Ms. Brown stated: "State rep we cited as unethical hire by Tracey." This is a pretext, as can be demonstrated for several reasons.

4.      Under the Pennsylvania Criminal History Record Information Act, 18 Pa.C.S. §9101, *et seq.* (the "CHRIA") and the Philadelphia Fair Criminal Record Screening Standards Ordinance, Phila. Code Ch. 9-3500 (the "FCRSSO"), employers may not take adverse action based solely on criminal history; they must conduct an individualized, job-related assessment and, before acting, provide written notice, a copy of any report relied upon, and at least ten (10) business days to respond. Defendants did none of this. The purported "ethics" rationale was a pretext for patronage firing. There is no categorical bar based solely on criminal history to Plaintiff's position in outreach.

5.      Furthermore, comparators employed in several City departments are individuals with felony convictions in non-policymaking, public-facing roles comparable to Plaintiff's outreach position. Plaintiff will identify such comparators by name after reasonable discovery.

6.      The true reason for Plaintiff's termination is because she supported Sabatina's political opponent in the 2023 election for Register of Wills.

7.      Sabatina replaced Plaintiff with his political supporters. This "Tammany Hall" style use of political office is unlawful and caused Plaintiff substantial harm. As the Supreme Court has held *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 64 (1990):

> To the victor belong only those spoils that may be constitutionally obtained. *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), decided that the First Amendment forbids government officials to discharge or threaten to discharge public employees solely for not being supporters of the political party in power, unless party affiliation is an appropriate requirement for the position involved.

8.      Party affiliation is not relevant to Plaintiff's position.

## II.   PARTIES, JURISDICTION, VENUE

9. Plaintiff/Employee, Vanessa Lowery Brown, is an adult individual, domiciled at the above-referenced address.

10. Defendant/Employer, City of Philadelphia, is the legal entity subject to jurisdiction of this Court. The Office of the Register of Wills is the department in the City of Philadelphia relevant to the Complaint.

11. Defendant/Employer John P. Sabatina is the current officeholder of Register of Wills. He is sued in his official capacity.

12. This Court has original federal question jurisdiction over Plaintiff's § 1983 claims.

13. Venue is appropriate in this Court because the transactions and occurrences which give rise to this suit all occurred in Philadelphia, Pennsylvania.

14. At all relevant times, Defendants acted under color of law.

## III.   FACTUAL ALLEGATIONS

15. On January 2, 2024, Defendant Sabatina assumed office of the Register of Wills.

16. In January 2024, immediately after Sabatina took office, Defendants terminated Plaintiff.

17. This termination was motivated by Plaintiff's political activities, as pled herein.

18. Plaintiff is a former member of the Pennsylvania House of Representatives. In 2018, she was convicted on seven charges. However, Plaintiff completed her probation and satisfied her court-ordered financial obligation to pay restitution.

19. In or about January 2023, after Plaintiff completed her probation, she was hired by the Register of Wills as Community Outreach Coordinator. Her annual salary was $65,000.

20. Political affiliation is not an appropriate requirement for Community Outreach Coordinator; it is not a policymaking or confidential role in any way.

3

21. Gordon ran for reelection in 2023 against Defendant Sabatina. Sabatina won the May 2023 Democratic primary and November 2023 general election.

22. Plaintiff was a prominent supporter of Gordon's reelection efforts.

23. Defendants knew of Plaintiff's political affiliation and support of Gordon.

24. Before Sabatina assumed office, he and his staff complied the Hit List (*Exhibit A*).

25. The Hit List demonstrates that Sabatina came into office looking for people to fire. This was not for budgetary reasons or for performance – the document states explicitly why Defendants wanted to fire as many people as they could:

- We don't have people lined up for all of these jobs and we need to make sure we use up all the funds set aside in the budget for salary.
- We have enough immediate terminations to allow us several hires in the next two weeks.
- The "immediate" terminations give us 13 positions and more than $650,000 for next week.
- With the next batch of 1-week notices we get 5 positions and $312,000

26. The context of the Hit List could not be clearer. Sabatina knew he could not simply fire everyone and hire his own people – he needed excuses. He dug through the histories of the employees and found pretexts to fire them.

27. This was not for performance; not to trim the budget; not to replace executive level employees. It was to free up cash for Sabatina's own patronage hires.

28. The stated reason for Plaintiff was pretextual, as set forth above and incorporated herein by reference.

29. The Office of the Register of Wills has a custom and practice of politically motivated hiring and firing of employees.

30. As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered injury. She lost good paying, steady job that has been difficult to replace. Plaintiff sought out and

obtained alternative work, but she continues to suffer economic hardship; Plaintiff could not find replacement work at or better than the pay and benefits she earned. Plaintiff also suffers from humiliation, embarrassment, emotional distress and physical symptoms of that distress.

31. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe injuries, which include but are not limited to:

    a) Lost wages;
    b) Lost back pay;
    c) Lost future wages;
    d) Lost benefits;
    e) Embarrassment and humiliation;
    f) severe emotional distress; and
    g) other damages as described in further detail in this pleading and as will become evident through the course of discovery.

32. Defendants are liable to Plaintiff for reasonable attorney's fees and costs incurred.

**COUNT I    FIRST AMENDMENT RETALIATION**

33. Repeats and realleges paragraphs 1-32 as if set forth at length herein.

34. In *Galli v. NJ Meadowlands Comm'n*, 490 F.3d 265 (3rd Cir. 2007) the Third Circuit enunciated:

> …a three-part test to establish a claim of discrimination based on political patronage in violation of the First Amendment. To make out a *prima facie* case, Galli must show that (1) she was employed at a public agency in a position that does not require political affiliation, (2) she was engaged in constitutionally protected conduct, and (3) this conduct was a substantial or motivating factor in the government's employment decision.

35. At all relevant times, Plaintiff was employed at a public agency in a position that does not require political affiliation.

36. Plaintiff engaged in constitutionally protected conduct. To wit, she supported Tracey Gordon, Sabatina's political opponent.

37. This conduct was a substantial or motivating factor in Defendants' determination to terminate Plaintiff.

38. Defendants' actions were taken under color of state law and Sabatina acted within the scope of his authority as the Register of Wills for the City of Philadelphia.

39. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered harm, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff, Vanessa Lowery Brown, seeks judgment against Defendants for all equitable and monetary relief as may be awarded, including but not limited to: compensatory damages; liquidated damages; reasonable attorney's fees and costs; and all such other damages and relief available under the applicable laws.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

CREECH & CREECH, LLC

*/s/ Timothy P. Creech*
TIMOTHY P. CREECH
1835 Market St., Suite 2710
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
Timothy@CreechandCreech.com

DATED:     October 21, 2025

6